JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

LINDSEY FEIST, individually, and on behalf of all other similarly situated consumers,

**(b)** County of Residence of First Listed Plaintiff: Chester County PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
ZEMEL LAW LLC
1373 Broad Street, Suite 203-C
Clifton, New Jersey 07013; Phone: (862) 227-3106

## DEFENDANTS

MIDLAND CREDIT MANAGMENT, INC.,

County of Residence of First Listed Defendant: San Diego County, CA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☒ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Debt Collection Practices Act, 15 U.S.C. 1692 et. seq.

Brief description of cause:
Unfair/Illegal debt collection practices

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____ DOCKET NUMBER ____

DATE: 07/23/2019

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

JS 44 Reverse (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDSEY FEIST, individually, and on behalf all other similarly situated consumers, | ) | Case No.: |
| Plaintiff, | ) | |
| vs. | ) | COMPLAINT -- CLASS ACTION |
| MIDLAND CREDIT MANAGEMENT, INC. | ) | |
| Defendant. | ) | |

Plaintiff, Lindsey Feist, individually, and on behalf of all other similarly situated consumers, by and through undersigned counsel, hereby alleges against Defendant Midland Credit Management, Inc., as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this district under 28 U.S.C §1391(b)

## PARTIES

4. Plaintiff Lindsey Feist, ("Plaintiff") is a natural person, who at all relevant times has resided in Downingtown, Pennsylvania and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5. Defendant Midland Credit Management, Inc., ("Midland") is a corporation doing business in the Commonwealth of Pennsylvania, with its corporate address as 2365 Northside Drive, Suite 300, San Diego, California 92108 and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

**FACTUAL STATEMENT**

6. On or about July 26, 2018, Midland sent Plaintiff the letter attached as Exhibit A, presenting the "current balance" as $433.69, for a personal credit card bill from CitiBank, N.A./Best Buy.

7. Said personal bill was a debt incurred for personal, family or household purposes and not for business purposes.

8. Exhibit A is false, deceptive, and misleading given Midland's placement of ambiguous language and the resulting multiple interpretations of the letter that follow.

9. The collection letter states the following:

> Congratulations! You have been **pre-approved** for a *discount program* designed to save you money. Act now to maximize your savings and put this debt behind you by calling (800) 282-2644.

10. Below this, Midland provides Plaintiff with three options within its discount program:

a. Option 1
   i. 40% off
b. Option 2
   i. 20% off
c. Option 3

i. Monthly payments as low as $50 a month

11. The above language provided by Midland concerning Option 3 is ambiguous as to whether this is a third settlement option or a path to full payment. Option 3 on its own appears to be a path to full payment, but after reading the statement that all three are part of the discount program, the consumer would reasonably believe that the item is a discount.

12. This ambiguity is material because it directly affects the consumer's choice to pay the debt.

## CLASS ACTION ALLEGATIONS

### The Class

13. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

14. Plaintiff seeks certification of the following classes, initially defined as follows:

**Class: All consumers with a Pennsylvania address that have received the same form letter as Exhibit A from Defendant Midland concerning debts for Citibank, N.A. used primarily for personal, household, or family purposes within one year prior to the filing of this complaint.**

15. Excluded from the Class is Midland, and any person, firm, trust, corporation, or other entity related to or affiliated with the Midland, including, without limitation, persons who are officers, directors, employees, associates or partners of Midland.

### Numerosity

16. Upon information and belief, Midland has sent collection letters in an attempt to collect a debt to hundreds if not thousands of consumers throughout Pennsylvania, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

17. The letters sent by Midland, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

18. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Midland's records.

**Common Questions of Law and Fact**

19. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Midland violated various provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Midland; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Midland's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

**Typicality**

20. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of Midland's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

**Protecting the Interests of the Class Members**

21. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

22. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

**Proceeding Via Class Action is Superior and Advisable**

23. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

24. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

25. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

26. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

27. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

28. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

29. Absent a class action, the Class members will continue to suffer losses borne from Midland's breaches of Class members' statutorily protected rights as well as monetary damages,

thus allowing and enabling: (a) Midland's conduct to proceed and; (b) Midland to further enjoy the benefit of its ill-gotten gains.

30. Midland has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

31. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

32. Midland's false and deceptive representations to Plaintiff violate the below provisions of the FDCPA.

33. Section 1692e provides:

> **§ 1692e. False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

WHEREFORE, Plaintiff, Lindsey Feist, respectfully requests that this Court do the following for the benefit of Plaintiff:

A. Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

B. Enter judgment against Defendant for statutory damages pursuant to the FDCPA;

C. Enter judgment for injunctive relief stopping Defendant from using letters similar to Exhibit A;

D. Award costs and reasonable attorneys' fees;

E. Grant such other and further relief as may be just and proper.

**JURY TRIAL DEMAND**

34. Plaintiff demands a jury trial on all issues so triable.

Dated this 23rd of July, 2019.

Respectfully Submitted,

Nicholas Linker, Esq.
**Zemel Law LLC**
1373 Broad St., Suite 203-C
Clifton, NJ 07013
(P) (862) 227-3106
nl@zemellawllc.com
*Attorney for Plaintiff*



A an the insur

mcm Midland Credit Management, Inc.
2365 Northside Drive
Suite 300
San Diego, CA 92108

| | |
|---|---|
| Original Creditor | Citibank, N.A. |
| Original Account Number | 603535026049[redacted] |
| MCM Account Number | 857940[redacted] |
| Current Balance | $433.69 |
| Current Owner | Midland Funding LLC |

07-26-2018

P15T362 001

Lindsey Feist
[redacted]
Downingtown, PA 19335-1229

You are pre-approved for a 40% discount!
Call (800) 282-2644

## Choose The Option That Works For You.

RE Citibank, N.A. Best Buy Credit Card

Dear Lindsey,

Congratulations! You have been **pre-approved** for a discount program designed to save you money. Act now to maximize your savings and put this debt behind you by calling (800) 282-2644. Pay online today at MCMPay.com.

**Option 1: 40% OFF**
Payment Due Date: 08-25-2018
You Pay Only **$260.21**

**Option 2: 20% OFF**
First Payment Due Date: 08-25-2018
3 Monthly Payments of Only **$115.65**

**Option 3: Monthly Payments As Low As:** $50 per month†
† Call today to discuss your options and get more details.

If these options don't work for you, call one of our Account Managers to help you set up a payment plan that does.

**Benefits of Paying!**

- Save up to $173.48
- Offer Expiration date: 08-25-2018

**CALL US TODAY!**
**(800) 282-2644**

Sincerely,

Tim Bolin

Tim Bolin, Division Manager

We are not obligated to renew any offers provided.

Hours of Operation
Sun-Th: 5am-9pm PT;
Fri-Sat: 5am-4:30pm PT;

(800) 282-2644

MCMPay.com

Midland Credit Management, Inc
P.O. Box 51319
Los Angeles, CA 90051-5619

PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

LINDSEY FEIST, individually, and on behalf all other similarly situated consumers, : CIVIL ACTION

v. :

MIDLAND CREDIT MANAGEMENT, INC., : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 7/23/2019 | Nicholas Linker | Plaintiff, Lindsey Feist |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 862-227-3106 | 973-282-8603 | nl@zemellawllc.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a) The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b) In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c) The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d) Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e) Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 470 Corner Ketch Road, Downingtown, PA 19335

Address of Defendant: 2365 Northside Drive, Suite 300, San Diego, California 92108

Place of Accident, Incident or Transaction: 470 Corner Ketch Road, Downingtown, PA 19335

***RELATED CASE, IF ANY:***

Case Number: ______ Judge: ______ Date Terminated: ______

Civil cases are deemed related when ***Yes*** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ **is** / ☒ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/23/19 [signature] 321521

*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

**CIVIL: (Place a √ in one category only)**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases *(Please specify)*: 15 U.S.C. Section 1692 et seq. Remanded from Appellate Court

***B. Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*: ______
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases *(Please specify)*: ______

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Nicholas Linker, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 7/23/19 [signature] 321521

*Attorney-at-Law / Pro Se Plaintiff* *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.