IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDSEY FEIST | : | CIVIL ACTION |
| | : | |
| v. | : | No. 19-3266 |
| | : | |
| MIDLAND CREDIT MANAGEMENT, INC. | : | |



## MEMORANDUM

**Juan R. Sánchez, C.J.**                                                                   **March 17, 2020**

Plaintiff Lindsey Feist filed a class action complaint against Defendant Midland Credit Management, Inc. alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et. seq. Feist alleges Midland Credit, as a debt collector, used language in a purported discount program that was false, deceptive, and misleading in violation of the FDCPA. Movant Midland Funding LLC, the owner of Feist's debt, has now filed a motion to intervene as a defendant in this case. Midland Funding asserts it has a right to intervene because its interest in enforcing its contract with Feist, specifically to compel arbitration, is jeopardized without its presence in this case. Because Midland Funding has not demonstrated a sufficient interest in the litigation and any interest it has will be unimpaired and adequately represented by Midland Credit, the Court will deny its motion.

### BACKGROUND

On April 4, 2017, Feist opened a Best Buy credit card account. This account was owned by Citibank, N.A. To open the account, Feist entered into an agreement with Citibank, including a clause allowing either party to elect to arbitrate any claims arising out of the account. Although the agreement permitted a party to reject the arbitration clause, neither party did so when entering the agreement.

After Feist accrued an outstanding balance on the account, Citibank sold the account to Midland Funding. Midland Funding gained all rights, title and interest previously held by Citibank. Midland Funding then used Midland Credit, a wholly separate entity,[1] as a vendor to collect on the outstanding balance of Feist's account. Midland Credit, unlike Midland Funding, neither owns the account nor has an agreement with Feist regarding the account.

On July 26, 2018, Midland Credit sent Feist a letter offering a "discount program" to pay off her outstanding balance with Midland Funding. Midland Credit offered her three options for the discount program: (1) 40% off, (2) 20% off, or (3) monthly payments as low as $50. Although Midland Credit communicates with consumers to collect debts for Midland Funding, Midland Funding has no input in how Midland Credit attempts to collect debts. Midland Funding also has no ability to control the language Midland Credit uses in offering discount programs to consumers.

On July 25, 2019, Feist filed the instant class action Complaint against Midland Credit. Feist alleges Midland Credit violated the FDCPA by using ambiguous language in its purported discount program. Feist alleges the third option (monthly payments as low as $50) is ambiguous as to whether it is a discount settlement option or a path to full payment. She further alleges the reasonable consumer would believe the third option is still part of the overarching discount program and would affect the consumer's choice to pay the debt. Feist thus alleges this statement is a false, deceptive, and misleading representation which violates 15 U.S.C. § 1692e(10).

After Midland Credit answered the Complaint, Midland Funding moved to intervene pursuant to Federal Rule of Civil Procedure 24(a). Midland Funding argues it has a right to intervene because Feist's claims threaten to limit the manners in which it may communicate with

---

[1] Midland Credit and Midland Funding are both wholly owned subsidiaries of Encore Capital Group, Inc.

consumers, the use of vendors to facilitate collection of delinquent accounts through discounted terms, and the right to resolve delinquent accounts and enforce the terms of the account agreement. Feist opposes the motion, although Midland Credit does not.

**DISCUSSION**

The Court will deny Midland Funding's motion to intervene because it does not have a sufficient interest in this litigation and any interest it has will be unimpaired and adequately represented by Midland Credit. A litigant is entitled to intervene under Federal Rule of Civil Procedure 24(a) if it can show: (1) a timely application for leave to intervene; (2) a sufficient interest in the litigation; (3) "a threat that the interest will be impaired or affected, as a practical matter, by the disposition of the action"; and (4) its interest is not adequately represented by existing parties to the litigation. *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998). The party seeking to intervene bears the burden of establishing all elements. *United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1181 n.9 (3d Cir. 1994).

Because the parties agree Midland Funding's motion is timely, the Court will only address the remaining Rule 24(a)(2) requirements. *See Pennsylvania v. President U.S.*, 888 F.3d 52, 57 (3d Cir. 2018) (noting timeliness was undisputed and addressing remaining three requirements).

First, Midland Funding has not established it has a sufficient interest in the litigation. A sufficient interest is one that is "relating to the property or transaction which is the subject of the action that is significantly protectable." *Kleissler*, 157 F.3d at 969 (internal quotation marks and citations omitted). There is no precise definition of an interest that is significantly protectable, but the inquiry is flexible and based on the facts of each case. *See id.* at 972. "[I]ntervenors should have an interest that is specific to them, is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought." *Id.* Further, the interest must be legal rather

3

than general or indefinite. *See Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995).

Midland Funding's interests or rights are not implicated by the relief Feist seeks in this case. Feist challenges the language Midland Credit uses in offering discount programs to consumers pursuant to the FDCPA. Should Feist prevail, Midland Credit must pay damages to Feist and her proposed class (assuming it is certified). Midland Credit would also be required to ensure its future communications with consumers comport with federal law. Nonetheless, Midland Credit's liability in this case has no effect on Midland Funding. At oral argument, Midland Funding stated its right to collect on Feist's debt is not impaired by this litigation. Midland Funding also stated it has no input or control over Midland Credit's debt collection procedures or compliance with federal law. Therefore, Midland Funding has no interest in this litigation which attempts to hold Midland Credit liable for violating the FDCPA. *See Surety Admin'r's, Inc. v. Samara*, No. 04-5177, 2006 WL 1737390, at *5 (E.D. Pa. June 20, 2006) (finding intervenor did not have sufficient interest in litigation where disposition of case did not affect intervenor's ability to recover from the parties).

Midland Funding states Feist's claims interfere with its legal and contractual rights under the agreement including its right to obtain payment and the manner in which its vendors communicate payment discounts and other offers to consumers. The Court disagrees. Considering Midland Funding admitted it can still obtain payment and has no control over how its vendors communicate with consumers, these alleged rights are illusory. Moreover, the interests relating to the agreement between Feist and Midland Funding, are unrelated to this litigation about Midland Credit's debt collection practices under the FDCPA.

4

Midland Funding's other proposed, but insufficient, interest is in compelling arbitration of Feist's claims because they "arise out of" the account. Midland Funding has an agreement with Feist which includes arbitrating claims arising out of the account. Midland Credit, however, is not a party to that agreement and it is not at issue in this litigation. Although the arbitration clause sweeps broadly and includes claims by or against entities or agents affiliated with Midland Funding, the Court doubts Midland Funding's ability to compel arbitration for claims that are against a nonparty to the arbitration agreement. *Cf. White v. Sunoco, Inc.*, 870 F.3d 257, 262–63 (3d Cir. 2017) (discussing whether a signatory can be bound to arbitrate claims against a nonsignatory and noting it may be done under theories of "assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary theories, waiver and estoppel"),

Even if Midland Funding has a contractual interest in compelling arbitration, that interest is not affected by this case. Midland Funding is free to bind Feist to the arbitration agreement when she asserts claims against Midland Funding or if Midland Funding asserts claims against Feist. That right is unimpaired. This case has no effect on Midland Funding's ability to compel arbitration in accordance with the parties' agreement.

Second, because the Court concludes Midland Funding's interests are insufficient, they cannot be impaired by disposition of this case. *See Surety Admin'r's, Inc.*, 2006 WL 1737390, at *5 (stating an "interest cannot be jeopardized by the underlying action because it is insufficient"). Nonetheless, to meet the impairment requirement, an intervenor "must demonstrate its legal interests may be affected or impaired as a practical matter by the disposition of the action." *President U.S.*, 888 F.3d at 59 (internal quotation marks and citations omitted). Midland Funding conceded at oral argument that even if Midland Credit is liable under the FDCPA, there is nothing that prevents Midland Funding from collecting on its delinquent accounts. It follows that the

disposition of Midland Credit's liability has no effect, practical or otherwise, on Midland Funding's ability to retrieve the outstanding balance on Feist's account.

Midland Funding also alleges its relationship with third-party vendors will be impaired by this litigation. This allegation has no basis considering Midland Funding conceded at oral argument it has no control over the methods in which Midland Credit seeks to collect. Midland Funding does not provide, and the Court does not find, any cognizable effect from this litigation on its relationship with vendors like Midland Credit. The determination of whether Midland Credit used deceptive debt collection strategies will not affect Midland Funding's business relationship with Midland Credit or any other vendor. To the extent Midland Funding asserts its contractual right to compel arbitration, that right is not implicated when it is not a party to this case and Midland Credit is not a party to the arbitration agreement. As previously stated, Midland Funding may still compel arbitration pursuant to the agreement with Feist for claims in which it is a party. But its contractual rights are not implicated in this case where Feist brings claims against a nonparty to the agreement based on violations of the FDCPA.

Finally, Midland Funding has not shown its interests are inadequately represented in this case. An intervenor's interests are inadequately represented "if they diverge sufficiently from the interests of the existing party, such that the existing party cannot devote proper attention to the [intervenor's] interests." *President U.S.*, 888 F.3d at 60. Although the Court already determined Midland Funding has no interest in the outcome of this litigation, any interest it does have is adequately represented by Midland Credit. Regarding this case, Midland Credit wants the Court to find its practices comply with the FDCPA. Midland Funding, as a debt owner who uses Midland Credit to collect on its debts, wants the same outcome. The Court sees no reason why Midland Credit, as the actual alleged violator of the FDCPA, would not adequately represent Midland

6

Funding's interests in this regard. *See CSX Transp., Inc. v. City of Philadelphia*, No. 04-5023, 2005 WL 1677975, at *5 (E.D. Pa. July 15, 2005) (finding intervenor's interests represented when intervenor and defendant wanted same disposition of the case and interests did not diverge).

Midland Funding argues Midland Credit does not adequately represent its interests because Midland Credit cannot enforce the agreement with Feist, including the arbitration agreement. This argument misses the mark. This case is not about the agreement between Midland Funding and Feist. There is no way for Midland Funding's interests in the agreement to be raised in the dispute regarding Midland Credit's debt collection practices. Any interest Midland Funding has in this case, which is for Midland Credit to prevail, is adequately represented by Midland Credit.

## CONCLUSION

In sum, Midland Funding has not articulated a sufficient interest in this litigation warranting its intervention as of right. Even if it does have an interest, that interest is unimpaired and is adequately represented by Midland Credit. Accordingly, the Court will deny Midland Funding's motion to intervene.

An appropriate order follows.

BY THE COURT:

Juan R. Sánchez, C.J.